**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-614C
(Filed: June 19, 2015)
**NOT FOR PUBLICATION**

**FILED**
**JUN 19 2015**
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| DEMETRIUS J. ANDERSON, ) | |
| ) | Pro Se Litigation; Lack of Subject |
| *Pro Se* Plaintiff, ) | Matter Jurisdiction; Due Process; |
| ) | Review of State Court Decision |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## OPINION DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION

**FIRESTONE**, *Judge*.

Plaintiff Demetrius Anderson files this pro se complaint challenging what he characterizes as an illegal detention stemming from a burglary conviction in a Florida state court. For the reasons stated below, the complaint is now **DISMISSED** the for lack of subject-matter jurisdiction.[1]

In 2011, Mr. Anderson was convicted of burglary with intent to commit battery and sentenced to ten years imprisonment. Mr. Anderson, then represented by counsel, appealed his conviction Florida's First District Court of Appeals in 2012, claiming that

---

[1] The court notes that the plaintiff has not paid a filing fee or filed a motion to proceed in forma pauperis. However, in light of the fact that this case is now dismissed for lack of jurisdiction, the filing fee is waived.

1

there was insufficient evidence to support a conviction and, in the alternative, that the jury instructions were improper. The Florida appellate court affirmed his conviction per curium and without written opinion. Anderson v. State, 95 So. 3d 216, 2012 WL 2580546 (Fla. 1st. DCA 2012). Mr. Anderson's attorney then moved in the same court for a rehearing and requested a written opinion, but the motion was denied per curium and without written opinion. Id. The Supreme Court of the United States denied Mr. Anderson's pro se petition for certiorari in 2013. Anderson v. Florida, 133 S. Ct. 1274, 1275 (2013).

In his complaint before this court, Mr. Anderson maintains that the jury instructions at his trial were improper. He further argues that the fact that he never received a written opinion from a Florida appellate court was an unconstitutional denial of his right to due process. He argues that based upon these errors, his continued incarceration is illegal and unconstitutional.

Before proceeding to the issues presented in Mr. Anderson's complaint, the court must first determine whether it possesses jurisdiction to do so. Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter the court must decide. See PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1364 (Fed. Cir. 2007) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)). Jurisdiction is a threshold matter because a case cannot proceed if a court lacks jurisdiction to hear it. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)).

When considering whether to dismiss a complaint for lack of jurisdiction, a court accepts "uncontroverted factual allegations as true for purposes of the motion. Banks v. United States, 741 F.3d 1268, 1277 (Fed. Cir. 2014) (citing Gibbs v. Buck, 307 U.S. 66, 72 (1939)). A pro se plaintiff, such as Mr. Anderson, is entitled to a liberal construction of the pleadings. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, despite being held to a "less stringent standard than that of a plaintiff represented by an attorney," a pro se plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Brickey v. United States, 116 Fed. Cl. 71, 75 (2014) (quoting Riles v. United States, 93 Fed.Cl. 163, 165 (2010)). If Mr. Anderson cannot establish jurisdiction, his complaint must be dismissed under Rule 12 of the Rules of the United States Court of Federal Claims ("RCFC"). This rule states that if the court at any time finds it lacks subject matter jurisdiction over the claims before it, the court must dismiss the action. RCFC 12(h)(3).

Mr. Anderson's complaint argues that his detention is based on an unconstitutional conviction and appeals process in Florida state courts. However, it is well settled that this court "does not have jurisdiction to review and overturn criminal convictions." Reed v. United States, 25 F. App'x 903, 904 (Fed. Cir. 2001) (quoting Lott v. United States, 11 Cl. Ct. 852, 853 (1987)); see Dethlefs v. United States, 60 Fed. Cl. 810, 814 (2004) (holding that the Court of Federal Claims does not have "authority to review and overturn convictions entered by a court of competent jurisdiction."). This court therefore "has no authority to re-examine in detail the facts surrounding a conviction or imprisonment." Zakiya v. United States, 79 Fed. Cl. 231, 235 (2007), aff'd, 277 F. App'x 985 (Fed. Cir.

2008) (quoting Lott, 11 Cl. Ct. at 853); see also Robinson v. United States, 230 F.3d 1382 (Fed. Cir. 2000) (finding the court lacked jurisdiction over plaintiff's unjust imprisonment claim arising out of his conviction in a state court).

Even if the court did have jurisdiction to review a state actions in a criminal case, it would still lack jurisdiction to decide the merits of Mr. Anderson's case. Mr. Anderson argues that the alleged errors in the Florida courts violated his right to due process under the Constitution. However, it is well-settled law that claims under the Due Process Clauses of the Fifth or Fourteenth Amendments do not confer jurisdiction on the Court of Federal Claims. Flowers v. United States, 321 F. App'x 928, 934 (Fed. Cir. 2008) (holding that the court of federal claims court lacks jurisdiction over due process claims (citing James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998))); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Fifth and Fourteenth Amendment Due Process Clauses are not sufficient bases for jurisdiction in the Court of Federal Claims because neither clause is a money-mandating provision)).

In sum, Mr. Anderson has failed to establish jurisdiction in this court based on the allegations made in his complaint. Therefore, Mr. Anderson's claims must be dismissed under RCFC 12(h)(3).

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge